Case 1:15-cr-00356-JFK   Document 119   Filed 05/04/22   Page 1 of 3

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/4/22

Law Offices of
# Donald J. Yannella
A Professional Corporation
Email: nynjcrimlawyer@gmail.com
Tel: (212) 226-2883
Fax: (646) 430-8379

**70 Grand Avenue, Suite 100**
**River Edge, NJ 07661**

**233 Broadway, Suite 2370**
**New York, NY 10279**
(Preferred mailing address)

May 2, 2022

Hon. John F. Keenan
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    US v Elvis Arias
            15 Cr. 356 (JFK)

Dear Judge Keenan:

    I am counsel for Elvis Arias, who was sentenced on July 12, 2016, to a term of 60 months' imprisonment and four years of supervised release, for a violation of 21 U.S.C. § 846, 841(b)(1)(B). This letter is submitted as a request for early termination of supervised release.

    United States Probation Officer Claudell Brehon, who is supervising Mr. Arias, informs me that Mr. Arias is a candidate for early termination. More specifically, Probation Officer Brehon informs me:

> Since commencing supervising release, he has maintained stable residence with his mother at ███████████████, Bronx, NY 10456. He is gainfully employed at Pilot Fiber, an internet company earning approximately $40,000 a year. All urine specimens have been negative for the use of illicit drugs. Arias has reported to probation as required, and has followed the directives of the office. Based on his compliance, he qualifies as a candidate for early termination.

    Assistant United States Attorney Michael Longyear informs me that his office takes no position on this application.

May 2, 2022
Page | 2

I. **Legal Standard**:

A court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release" after considering certain sentencing factors outlined in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(2).

Where a defendant has served at least one year of his supervised release and his conduct and the interests of justice so require, the court may terminate the remainder of the defendant's supervision, pursuant to 18 U.S.C. § 3583(e)(1). See *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

Given the limited resources of the United States Probation Department, early termination may be warranted in certain circumstances. See *United States v. Trotter*, 321 F. Supp. 3d 337 (E.D.N.Y. 2018) (granting early termination for supervisee in a heroin distribution conspiracy case, where marijuana use was specification in VOSR proceedings). In *Trotter*, the Hon. Jack B. Weinstein praised the United States Probation Department in general:

> Our probation officers do a difficult job well; often they have a helpful impact on criminal defendants' lives. Recognizing the possibility of over-supervision, our Probation Department has now taken measures to reduce supervision burdens by (1) tapering off supervision over time; (2) creating a "low intensity" supervision program; and (3) recommending early termination when warranted.

*Id.* at 340.

II. **Analysis**:

When Mr. Arias was arrested on a federal complaint for narcotics conspiracy on June 17, 2015, he was just 25 years old, unemployed, dependent on drugs, and had never gotten back on his feet after two major medical problems a few years earlier.

On April 5, 2016, he pleaded guilty to conspiracy to distribute 28 grams and more of cocaine base. On July 12, 2016, Your Honor sentenced Mr. Arias to a term of 60 months of imprisonment, followed by four years of supervised release. (Dkt. 91, sentence transcript, attached as Ex. A; Dkt. 26 – judgment, attached as Exhibit B).

Mr. Arias served his prison term in FCI Fort Lewisburg, where he had no infractions. After getting released in August 2019, he moved to his mother's apartment, and he has lived there ever since. He informs me that he has had no police contact. Mr. Arias provided copies of his Pilot Fiber paystubs to the Probation Department.

Given that Mr. Arias has been either incarcerated or supervised, in one form or another,

May 2, 2022
Page | 3

for a period approaching seven years, since June 17, 2015, and he has succeeded in building a productive and law-abiding life, he respectfully submits that it would be appropriate to terminate supervision.

He submits that there is no identifiable risk to either the public or any identified party. A continued period of supervised release is unnecessary for deterrence, protection of the public or to reflect the seriousness of the offense for which the defendant has already completed his prison term and 32 months of his 48 month supervised release term. We respectfully request early termination of supervised release.

Sincerely,

/s/

Donald J. Yannella, Esq.

United States Probation Officer Claudell Brehon

```
Application GRANTED.  Congratulations to Mr.
Arias and the Probation Department for a job well
done.  Mr. Arias' term of supervised release is
terminated favorably as of the close of business
tomorrow, May 5, 2022.

SO ORDERED.
```

Dated: New York, New York
      May 4, 2022

_____
John F. Keenan
United States District Judge